Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WALTER J. BOALS, Respondent, for Compensation under the Workmen's Compensation Law, v. THE PENNSYLVANIA RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

Third Department, September 8, 1920.

Workmen's Compensation Law — injury to laborer at railroad roundhouse — finding of State Industrial Commission that claimant was not injured in interstate commerce confirmed — appeal — review of finding of fact.

A laborer, employed in the roundhouse of a railroad company, who was injured while dumping ashes from an engine which had recently returned from carrying interstate freight, may properly be found by the State Industrial Commission to have been engaged at the time in intrastate commerce, where it appears that the interstate transportation had finished and the engine was not under orders for its next trip at the time of the

accident so that it could not be definitely known whether it was to be employed in interstate or intrastate commerce.

Where such conclusion of the State Industrial Commission is not without evidence to support it, the Appellate Division will not review that question of fact.

KILEY, J., dissents, with opinion.

APPEAL by the defendant, The Pennsylvania Railroad Company, from a decision and award of the State Industrial Commission, entered in the office of said Commission on the 21st day of October, 1919.

*Alexander S. Diven*, for the appellant.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The injured employee was a laborer in the roundhouse at Canandaigua and was, at the time of his injury, dumping ashes from an engine which had recently come in carrying interstate freight. The transportation of that train was finished. When the ashes were removed, the engine watered and prepared for a new trip, it was subject to orders by the yardmaster. It was not under orders for its next trip at the time of the accident, and it was not definitely known what it would next be called to do. It carried at times interstate trains and at times intrastate trains. It cannot be said, therefore, that the employee was, at the time of the injury, engaged in interstate commerce. (*Illinois Central R. R. v. Behrens*, 233 U. S. 473; *Erie R. R. Co. v. Welsh*, 242 id. 303.)

In *Arkadelphia Co. v. St. Louis S. W. R. Co.* (249 U. S. 134, 150, 151), ninety-five per cent of the product of the mill was interstate shipments, but no one at the mill knew where the particular lumber in question was to be shipped, and it was held that the mere expectation that it would be shipped out of the State was not sufficient to characterize it as interstate commerce.

The conclusion of the Commission that he was not engaged in interstate commerce is not without evidence and we cannot, therefore, review that question of fact. I favor affirmance.

All concur, except KILEY, J., dissenting, with an opinion.

KILEY, J. (dissenting):

While dumping ashes from an engine of appellant, on the 19th day of June, 1919, the wrench or tool used by claimant slipped from its proper position and caused him to fall to the floor of the ashpit, which was constructed of cement or other hard substance, causing injury for which the claim is made, and for which he has been awarded compensation. Appellant bases its contention that claimant was engaged in interstate commerce upon the following facts which appear in the record. The engine upon which claimant was at work had that afternoon arrived from Elmira, N. Y., drawing cars loaded with merchandise from places outside of New York State, and was to take back to Elmira, N. Y., cars destined for Williamsport, Penn. In a sentence, the engine upon which he was working was then engaged in interstate commerce; it was not being repaired. The usual work necessary on each trip before the engine was ready to start out was then being done, and claimant was doing that work, or assisting; its destination was then known and booked. I think this was interstate work. That is the only question upon this appeal. (*Erie Railroad Co.* v. *Winfield,* 244 U. S. 170; *North Carolina R. R. Co.* v. *Zachary,* 232 id. 260.)

The award should be reversed and claim dismissed.

Award affirmed.